UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| SOLOMON SEALS, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 4:19CV2598 SPM |
| POTOSI CORRECTIONAL CENTER, et al., | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of a complaint filed by Solomon Seals. For the reasons explained below, this case will be dismissed without prejudice.

Plaintiff is a prisoner who often files frivolous lawsuits. When he filed the instant complaint, he neither paid the $400 filing fee nor filed a motion for leave to proceed in forma pauperis. However, the Court notes that plaintiff is subject to 28 U.S.C. § 1915(g), which limits a prisoner's ability to obtain in forma pauperis status if he has filed at least three actions that have been dismissed as frivolous, malicious, or for failure to state a claim. It provides in relevant part:

> In no event shall a prisoner bring a civil action ... under this section if the prisoner has, on three or more prior occasions, while incarcerated or detained in any facility, brought an action ... in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Section 1915(g) is commonly known as the "three strikes" rule, and it has withstood constitutional challenges. *See Higgins v. Carpenter*, 258 F.3d 797, 799 (8th Cir. 2001).

Review of this Court's files reveals that plaintiff has accumulated more than three strikes. *Seals v. Groose, et al.*, No. 2:95-cv-4187-SOW (W.D. Mo. Jul. 17, 1995); *Seals v. Moorish*

*Science Temple*, No. 2:95-cv-4246-SOW (W.D. Mo. Sept. 14, 1995); *Seals v. Groose, et al.*, No. 2:96-cv-4053-FJG (W.D. Mo. Apr. 22, 1996); *Seals v. Groose*, *et al.*, No. 2:96-cv-4232-NKL (W.D. Mo. Oct. 8, 1996); *Seals v. Kemna*, No. 5:98-cv-6153-HFS (W.D. Mo. Nov. 30, 1998); *Seals v. Kemna*, No. 5:98-cv-6157-HFS (W.D. Mo. Nov. 17, 1998). Therefore, this Court would be unable to permit him to proceed in forma pauperis unless he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In the instant complaint, plaintiff identifies himself as "King Solomon Noble Drew Seals-Ali The Faithful One." He brings this action against "every member of the branch Temple of the M.S.F. of A." His complaint consists mainly of declarative statements in which he assumes various titles and mantles of authority. For example, he states that he "would like to proclaim [his] nationality and Divine Creed, and he asserts he is "Prophet, Noble, Drew Ali and the Sultan Abdul Azis…". He asserts he is the only person in the world who holds various titles such as sheriff, deputy, marshal, and warden. He asks this Court to enforce all of his laws, and he seeks damages in the amount of "$700,707,700 zillion dollars." None of plaintiff's allegations would support the finding that he is under imminent danger of serious physical injury. Therefore, it would be futile to direct plaintiff to file a motion for leave to proceed in forma pauperis because the Court would be unable to grant it.

Even if plaintiff had paid the $400 filing fee, this case would be subject to dismissal under 28 U.S.C. § 1915A(b)(1) because it is frivolous. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). The term "'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* While federal courts should not dismiss an action commenced in forma pauperis if the facts alleged are merely unlikely, the court can properly

dismiss such an action if the allegations in the complaint are found to be "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (citing *Neitzke,* 490 U.S. 319). Allegations are clearly baseless if they are "fanciful," "fantastic," or "delusional," or if they "rise to the level of the irrational or the wholly incredible." *Id.* Here, the factual allegations are clearly baseless as defined in *Neitzke* and *Denton.*

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

Dated this 23rd day of September, 2019.

　　　　　　　　　　　　　　　　　　／s／ Henry Edward Autrey
　　　　　　　　　　　　　　　　　　HENRY EDWARD AUTREY
　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE